IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MITZI LEIGH CANTRELL                                                    PLAINTIFF

V.                              CASE NO. 3:16-CV-03122

BANK OF AMERICA, N.A.; and
JOHN DOE DEFENDANTS 1-20                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are Defendant Bank of America, N.A.'s ("BOA") Motion to Dismiss (Doc. 15) and Brief in Support (Doc. 16), and Plaintiff Mitzi Leigh Cantrell's Response in Opposition (Doc. 20) and Brief in Support (Doc. 21). On March 2, 2017, the Court held a hearing on the Motion, during which time counsel for both parties presented oral argument. At the conclusion of the hearing, the Court orally granted the Motion from the bench, finding that the case should be dismissed due to the expiration of the statutes of limitation that are applicable to all four causes of action in the Amended Complaint. The following Opinion and Order sets forth in greater detail the reasons for the Court's decision. To the extent anything in this Order conflicts with statements made from the bench, the Order will control.

### I. BACKGROUND

Ms. Cantrell filed a lawsuit in Boone County Circuit Court on October 24, 2016, against BOA and John Doe Defendants 1-20. *See* Doc. 2. The case was removed to this Court on December 1, 2016, (Doc. 1), and an Amended Complaint was filed on December 16, 2016, (Doc. 11).

In the Amended Complaint, Ms. Cantrell alleges generally that BOA failed to live up to its end of the agreements it made to the federal government as a participating servicer

in the "Home Affordable Modification Program," better known by its acronym, "HAMP." As a participating servicer for HAMP, BOA agreed to gather information on homeowners who were more than 60 days delinquent in paying their loans, and who requested HAMP-based loan modifications. After the initial information-gathering process was complete, BOA would next decide whether to offer the homeowner a Trial Period Plan ("TPP"), which is an agreement that allows the homeowner to make reduced mortgage payments for a three-month period, based on the homeowner's disclosed financial information. Under HAMP guidelines, if the homeowner lived up to his or her end of the bargain during the TPP, then BOA would offer a permanent loan modification. Ms. Cantrell asserts that BOA engaged in a company-wide practice of willfully refusing to screen HAMP applications and failing to offer loan modification agreements to worthy applicants.

In Ms. Cantrell's particular situation, she owned a home that was mortgaged with BOA. After she was divorced, she suffered a loss of income due to the lowering of her ex-husband's child support payments. She attempted to qualify for a loan modification by submitting HAMP paperwork to BOA. She claims she was asked to submit the same paperwork multiple times, and was assured it would be processed. Even after months of waiting, she never heard back from BOA as to whether or not her application would be approved for a TPP. She finally filed for bankruptcy on May 9, 2011. At around the same time she lost her home in the bankruptcy proceedings, she received written notification from BOA that she qualified for a loan modification. *See id.* at 15.

As a result of BOA's handling of her HAMP application, Ms. Cantrell now asserts state-law causes of action for deceit, negligence, unjust enrichment, and promissory estoppel. She includes factual allegations concerning BOA's alleged "fraudulent scheme"

to avoid the requirements of HAMP and increase BOA's profits by dragging their feet on processing loan-modification paperwork, intentionally "losing" such paperwork, and following through on a business strategy to deprive customers of permanent loan modifications under HAMP. The Amended Complaint also states that the Department of Justice brought a case against BOA as a result of a whistleblower report, resulting in an August 2014 settlement that required BOA to "pay $7 billion in relief to struggling homeowners, borrowers and communities affected by the bank's conduct." *Id.* at 12. This alleged conduct also fueled a multidistrict litigation ("MDL") lawsuit, styled *In re Bank of America Home Affordable Modification Program (HAMP) Contract Litigation*, 2013 WL 475649 (D. Mass. Sept. 4, 2013). The MDL, which was opened in 2011, the same year Ms. Cantrell lost her home, asserted claims on behalf of a class of BOA customers who had entered into TPP agreements but had been denied permanent modifications. *Id.* at *2. The purported class in the MDL asserted that BOA had improperly processed their HAMP applications, and in doing so had committed breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive acts and practices. *Id.* at *1.[1]

---

[1] The motion for class certification in the MDL was denied on September 4, 2013. Although neither party argued this point in their briefing, the Court questioned *sua sponte* whether Ms. Cantrell's claims might possibly have been tolled during the pendency of the MDL, provided that she were a member of the MDL's purported class. According to the Supreme Court in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 348-49 (1983), "[t]he filing of a class action tolls the statute of limitations 'as to asserted members of the class.'" (quoting *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974)). Here, however, *American Pipe* tolling does not apply, as the MDL class was defined as those BOA customers who "entered into a Trial Period Plan Agreement with Bank of America and made all trial payments required by their Trial Period Plan Agreement . . . ." *In re Bank of America*, 2013 WL 475649, at *2. It is undisputed that Ms. Cantrell never entered into a TPP with BOA.

BOA argues that Ms. Cantrell's case should be dismissed, among other reasons, because the statute of limitations on the four state-law causes of action (deceit, negligence, unjust enrichment, and promissory estoppel) is only three years.[2] As her alleged damages accrued as of the date of her bankruptcy, May 9, 2011, the statute of limitations on her claims expired on May 9, 2014; yet her lawsuit was not filed in state court until October 24, 2016. Ms. Cantrell does not dispute that a three-year limitations period applies to all her claims. She argues that the Court should toll the limitations period due to BOA's fraudulent concealment of certain material facts that she claims were necessary for her to know prior to filing suit, and that she did not learn until after she consulted with an attorney in 2016. *See* Doc. 21, p. 4.

The Court initially observes that the Amended Complaint does not clearly identify what material facts were allegedly concealed by BOA from Ms. Cantrell, so as to prevent her from filing suit prior to October of 2016. The Motion hearing was therefore an opportunity for the Court to engage with counsel in an attempt to ferret out the basis for Ms. Cantrell's fraudulent concealment argument. After an extensive period of back-and-forth questioning with counsel during the hearing, the record is clear that Ms. Cantrell's argument is as follows: she had no idea that BOA had processed her HAMP application incorrectly, negligently, or with deceitful motivation, until after her attorney advised her of such in 2016, and she blames the late filing of her lawsuit on BOA's concealment of what

---

[2] Because the Court has determined that the Amended Complaint should be dismissed based on the expiration of the statutes of limitation alone, this Opinion will not discuss the alternate bases for dismissal that BOA offered in its Motion.

was allegedly going on "behind the scenes" at BOA, i.e., BOA's alleged business practice of delaying the processing and approval of its customers' HAMP applications.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

## III. DISCUSSION

"Under Arkansas law, once it is clear from the face of the complaint that an action is barred by an applicable statute of limitations, the burden shifts to the plaintiff to prove that the limitation period was in fact tolled." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011). Here, Ms. Cantrell's attorney conceded in open court that he was well aware at the time he filed the Amended Complaint that all four causes of action pleaded were filed after the three-year statute of limitations had expired. Nevertheless, he argued that these statutes of limitation should be tolled due to BOA's fraudulent concealment of certain material facts, namely, that BOA had a business scheme in place to intentionally deny meritorious HAMP loan modifications, delay HAMP loan modifications unnecessarily, and deceive its financially distressed clients into thinking that their loan applications would be processed appropriately.

The law is clear that "[i]n order to toll a limitation period on the basis of fraudulent concealment, there must be: (1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." *Id.* (internal citation and quotation marks omitted). Further, the Arkansas Supreme Court, quoting from its 1896 opinion in *McKneely v. Terry*, 61 Ark. 527, has explained that with respect to the fraudulent concealment doctrine:

> No mere ignorance on the part of plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. And if the plaintiff, by reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it.

*Atlanta Expl., Inc. v. Ethyl Corp.*, 301 Ark. 331, 340-41 (1990)

In the case at bar, Ms. Cantrell has failed to plead—and in fact could never plead—facts to support a claim of fraudulent concealment by BOA. This is because Ms. Cantrell was merely ignorant of her rights until she consulted with an attorney, and ignorance of the law does not justify a finding of fraudulent concealment. In 2011, at or around the time she simultaneously lost her home to foreclosure/bankruptcy and received written notice from BOA that she qualified for a HAMP modification, she possessed all the facts she needed to enable her to file a lawsuit against BOA alleging many of the same, if not all of the same, causes of action that she has asserted in the instant Amended Complaint. In particular, as of 2011, she would have known, or at least suspected by exerting reasonable diligence, that BOA had processed her HAMP modification paperwork in a dilatory, negligent, and perhaps even deceitful manner, and that in doing so had breached both express and implied promises to her to process the application in accordance with federal regulations and established business standards.

Counsel for Ms. Cantrell was given multiple opportunities during the Motion hearing to explain exactly what facts BOA had misrepresented or concealed from Ms. Cantrell in 2011. Each and every time, his answer was that Ms. Cantrell was ignorant of the behind-the-scenes process or business motive of BOA to save money by delaying and/or denying modification loans, or the internal communications by BOA employees and executives concerning this scheme. Counsel could not point to any fraudulent statement or omission made by BOA to Ms. Cantrell that induced her to refrain from filing her lawsuit outside the three-year limitations period. Counsel stated at one point during the hearing that BOA misrepresented to Ms. Cantrell that her application for HAMP relief would be handled

7

properly and accurately; but even if this were true, it does not provide a basis for a fraudulent concealment argument. Ms. Cantrell cannot avoid the simple truth that she should have known or suspected wrongdoing by BOA back in 2011, when it ignored her application for months and then approved the application too late, after she had already lost her home. She also should have known or suspected the existence of this "scheme" in 2011, when the MDL was publicly filed, or when the Department of Justice publicly investigated and sued BOA in 2011 or settled in 2014—as all of those dates occurred prior to the passing of the three-year limitations period. *See* Doc. 11, p. 12.

## IV. CONCLUSION

For the reasons explained herein, Defendant Bank of America's N.A.'s Motion to Dismiss (Doc. 15) is **GRANTED** due to the expiration of the statute of limitations on all counts of the Amended Complaint. Because the Court has determined that permitting Plaintiff to amend her complaint would be futile and would not cure the limitations deficiency, this case will be **DISMISSED WITH PREJUDICE**. *See Drobnak v. Andersen Corp.*, 561 F.3d 778, 782 (8th Cir. 2009) (affirming dismissal with prejudice due to the running of the statute of limitations and plaintiff's failure to adequately plead fraudulent concealment). Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** on this 3rd day of April, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE